# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ROBERT COLE**                                                                                           **PLAINTIFF**

**v.**                                          **No. 3:15-CV-00127-JTR**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                                                        **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Robert Cole ("Cole") applied for social security disability benefits with an alleged onset date of March 15, 2012. (R. at 166). After a hearing, the administrative law judge ("ALJ") denied Cole's applications. (R. at 30). The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (R. at 1). Cole has requested judicial review.

For the reasons stated below, this Court[1] reverses and remands the Commissioner's decision.

## I.   The Commissioner's Decision

The ALJ found that Cole had the severe impairments of degenerative disc disease of the lumbar spine; cervical fracture versus motion artifact; headaches; obesity; gastroesophageal reflux disease; osteoarthritis; anxiety disorder; and depressive disorder. (R. at 122). Based on those impairments, the ALJ found that

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. *Doc. 4.*

1

Cole had the residual functional capacity ("RFC") to perform light work, with the following restrictions: he must sit and stand at will throughout the day; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; cannot work around hazards; can frequently reach overhead; can only have occasional changes to the workplace; is limited to tasks that have a complexity of one or two steps and are learned and performed by rote with few variables and little judgment; requires supervision that is simple, direct, and concrete; and can perform simple jobs that can be learned within thirty days. (R. at 124).

Relying on the testimony from a vocational expert ("VE"), the ALJ found that Cole could not perform any of his past relevant work but could perform other jobs such as office helper or cashier. (R. at 129-30). Thus, the ALJ held that Cole was not disabled at step 5 of the five-step evaluative process.

## II.  Discussion

Cole asserts that the ALJ erred in finding that his testimony was not fully credible. He also maintains that the ALJ failed to fully develop the record and should have included manipulative limitations based on a lack of feeling in Cole's hands.

This Court reviews the Commissioner's decision to ensure that it is not based on legal error and is supported by substantial evidence in the record as a

whole. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence in the record as a whole" has been defined to mean "less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if two inconsistent conclusions can be drawn from the evidence, the Court must affirm if one of those conclusions is consistent with the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

### A. The ALJ's Credibility Determination

The ALJ found that Cole had severe impairments but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (R. at 126). Cole maintains that the ALJ improperly discounted his subjective complaints of pain by only considering whether those complaints were supported by objective medical evidence.

"[T]he ALJ may disbelieve subjective complaints if there are inconsistencies in the evidence as a whole." *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005). When making determinations regarding the credibility of a claimant's subjective allegations of pain, the ALJ must examine: (1) the claimant's daily activities; (2) the duration and intensity of the pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Miller v. Sullivan*, 953 F.2d 417, 420 (8th Cir. 1992) (citing *Polaski v.*

*Heckler*, 739 F.2d 1320, 1322 (1984)). The ALJ may not discount subjective complaints simply because they lack support in the medical record. *Id.* "When rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors." *Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). This Court will defer to the ALJ's credibility determination if it is supported by good reasons and substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). However, the Eighth Circuit has "cautioned … that an ALJ may not circumvent the rule that objective evidence is not needed to support subjective complaints of pain under the guise of a credibility finding." *Penn v. Sullivan*, 896 F.2d 313, 316 (8th Cir. 1990).

When discussing Cole's credibility, the ALJ simply states that his statements "are not entirely credible for the reasons explained in this decision." (R. at 126). The discussion that follows concerns Cole's physical RFC, and it discusses only medical records. (R. at 126-27). The ALJ "notes the claimant's subjective complaints of pain are out of proportion to the objective medical evidence." (R. at 127). The Commissioner maintains that the ALJ considered all of the *Polaski* factors, but the ALJ identifies no inconsistencies between Cole's complaints and any other part of the record. The decision contains no explanation for the finding

that Cole was not credible aside from stating that objective medical evidence does not support Cole's subjective complaints of pain.

Cole's physicians do not suggest that he is a malingerer, nor is there any indication in the record that he is exaggerating his symptoms. Cole reported limited activities of daily living. (R. at 264-71). A sister cleans his house, and Cole uses a scooter when shopping and a shower chair when bathing. (R. at 125). He avoids driving because some of his medications have caused seizures in the past. (R. at 141). The ALJ pointed to no evidence inconsistent with these statements. Cole's mother provided a Third Party Function Report that is consistent with Cole's statements. (R. at 281-90). The ALJ did not give any significant consideration or weight to this statement, citing to SSR 06-03P in support of the lack of consideration. However, SSR 06-03P states that "we consider all relevant evidence in the case record when we make a determination or decision about whether the individual is disabled." SSR 06-03P, 2006 WL 2329939 at *4. The consistency of the foregoing statements and the lack of evidence supporting the ALJ's credibility determination cause this Court to conclude that the ALJ erred in his credibility analysis.

## B. Development of the Record

Cole asserts that the ALJ also erred by not fully developing the record regarding his exertional limitations. No treating or examining physician offered an opinion regarding Cole's physical capabilities.

It is the duty of the ALJ to fully and fairly develop the record. *Strongson v. Barnhart*, 361 F.3d 1066, 1071 (8th Cir. 2004). An ALJ errs in failing to order a consultative examination where it is necessary in order to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). It is only necessary to recontact treating physicians or order consultative examinations where the record is undeveloped on a critical issue. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011).

Cole cites to *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2001), where the Court reversed and remanded due to a lack of opinion evidence from the claimant's treating physicians. The Commissioner relies on *Page v. Astrue*, 484 F.3d 1040 (8th Cir. 2007), where the Court held that the evidence was sufficient despite the lack of a treating physician's opinion on the claimant's ability to perform work-related activities. However, in *Page*, substantial evidence showed that the claimant's condition had improved and that her pain had been substantially reduced due to treatment. *Id.* at 1043. This evidence included: treatment records

from her treating physicians; state-agency opinions regarding her physical capabilities; and the claimant's subjective complaints and her testimony.

The facts in this case more closely resemble *Nevland* than *Page*. As indicated earlier, in *Page*, treating physicians reported that the claimant had experienced a reduction in pain and expressed at least some opinions of her range of motion and the success of treatment, and the claimant's own testimony supported the RFC. *Id.* Here, Cole's testimony and reported activities of daily living stand in contrast to the RFC assessment, and no treating physician has expressed an opinion that his condition has improved or that he is capable of any type of productive activity.

Additionally, Cole testified that he has no feeling in his hands after his carpal tunnel surgery, which causes him not to realize when he is burning or freezing his hands. (R. at 142-43). Both Cole and his mother reported that he has difficulty using his hands. (R. at 269, 287). In determining the RFC, the ALJ included no manipulative limitations to account for this impairment. Cole argues that the ALJ should have included manipulative limitations because of this condition.

The ALJ only briefly mentioned Cole's testimony regarding his hands and incorrectly stated that Cole testified to having "hand pain," for which he has not sought treatment, rather than serious residual numbness. (R. at 123). The record

does not contain sufficient information regarding Cole's lack of feeling in his hands for the Court to determine whether additional restrictions are necessary for the RFC.

Because the record does not contain sufficient evidence to support the ALJ's RFC determination, additional information is required, including evidence concerning any exertional limitations and whether Cole has any manipulative limitations related to the lack of feeling in his hands.

### III. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence. On remand, the ALJ is instructed to reevaluate Cole's credibility and to order a consultative evaluation regarding Cole's exertional limitations and the effect of Cole's alleged residual numbness on his ability to work.

It is so ordered this 1st day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE